# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NICHOLAS STENTA,
    Plaintiff,

v.                                     3:10-cv-1071 (WWE)

LIVE NATION WORLDWIDE, INC., ET AL.,
    Defendants.

## MEMORANDUM OF DECISION

Apportionment defendant Aramark Entertainment, Inc. ("Aramark Entertainment") moves to strike the apportionment complaint filed by defendant Live Nation Worldwide, Inc. ("Live Nation"). Live Nation moves to disqualify Aramark Entertainment's counsel. For the following reasons, Aramark Entertainment's motion will be denied and Live Nation's motion will be granted.

## BACKGROUND

Plaintiff Nicholas Stenta alleges that he was assaulted and injured while attending a concert at the Comcast Theater in Hartford, Connecticut. Stenta filed a complaint for negligence in Connecticut Superior Court against Live Nation, which operated the theater, and Aramark Corp., an entity related to but legally distinct from Aramark Entertainment. Live Nation removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Live Nation filed a third party complaint for apportionment and indemnification against Contemporary Services Corp., which provided security at the theater. Thereafter, Stenta decided to proceed against only Live Nation. Stenta filed a stipulation of dismissal as to "Aramark Entertainment (improperly pled as Aramark

Corp.)." Live Nation then filed an apportionment complaint against Aramark Entertainment, which provided concessions at the theater, including alcohol. Aramark Entertainment responded by moving to strike the apportionment complaint. Live Nation opposes the motion to strike and has filed a motion to disqualify Aramark Entertainment's counsel.

## DISCUSSION

### I. Aramark Entertainment's Motion to Strike

Aramark Entertainment states that it is moving to strike the apportionment complaint pursuant to Federal Rule of Civil Procedure 14(a)(4), which provides: "Any party may move to strike the third-party claim, to sever it, or to try it separately." Rule 12(f) provides in relevant part that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Aramark Entertainment does not argue that the apportionment complaint contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Therefore, the Court concludes that Aramark Entertainment has improperly presented its motion as a motion to strike. The Court will nonetheless examine the two arguments contained in that motion.

Aramark Entertainment first contends that Live Nation failed to comply with Rule 14(a)(1), which provides in relevant part: "[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Aramark Entertainment argues that Live Nation failed to seek the Court's leave when it filed the apportionment complaint more than three

months after filing its answer.  However, Rule 14 does not apply to an apportionment complaint because that type of complaint is a creation of state law.  See DeGrenier v. Joly, 2002 WL 31106386 at *1-*2 (D. Conn. Aug. 9, 2002).  Conn. Gen. Stat. § 52-102b(a) provides that an apportionment complaint shall be served within 120 days of the return date given on plaintiff's complaint.  In the present case, Stenta selected a return date of July 13, 2010, and Live Nation served the apportionment complaint on November 8, 2010, which was 118 days after the return date.

Aramark Entertainment next argues that Live Nation may not seek apportionment against it because Stenta stipulated to the dismissal of "Aramark Entertainment (improperly pled as Aramark Corp.)."  As Live Nation points out, Aramark Corp. and Aramark Entertainment are related but legally distinct entities.  Aramark Entertainment was not a formal party to Stenta's action until Live Nation filed an apportionment complaint against it pursuant to Conn. Gen. Stat. § 52-102b(a).  That statute provides for apportionment of liability in a civil action by a defendant against a non-party who may be liable.

Aramark Entertainment urges the Court to disregard the distinction between Aramark Corp. and Aramark Entertainment and to conclude that Aramark Entertainment was a party to Stenta's action when he filed the stipulation of dismissal. Aramark Entertainment presents this argument in order to take advantage of a gap in Connecticut tort law.  Conn. Gen. Stat. § 52-572h "establish[es] two classes of persons whose negligence must be considered by the trier of fact:  (1) the parties to the action; and (2) settled or released persons . . . ."  Viera v. Cohen, 283 Conn. 412, 423 (2007). The class of "settled or released persons" does not include parties withdrawn by plaintiff

from the action. Id. at 416-18, 442-43. In Viera, the Connecticut Supreme Court concluded that defendant could not seek apportionment against a withdrawn defendant more than seven years after plaintiff's complaint was filed. In the present case, Aramark Entertainment argues that it was neither a party nor a settled or released entity when Live Nation sought apportionment after Stenta's stipulation of dismissal. In Aramark Entertainment's view, Stenta's withdrawal of "Aramark Entertainment (improperly pled as Aramark Corp.)" precluded Live Nation from seeking apportionment.

However, the Viera court explained: "[T]his case does not require that we express an opinion as to whether a defendant may file an apportionment complaint against a withdrawn party if the withdrawal and service of the apportionment complaint occurs within the 120 days specified for nonparties under § 52-102b(a)." Id. at 443 n.16. The present case is an example of that situation because the stipulation of dismissal and Live Nation's apportionment complaint both occurred within the 120 day period. The holding of Viera thus does not apply to the present case.

This case is governed by the simple rule in § 52-102b(a) that apportionment may be sought by a defendant against a non-party. This Court will decline the invitation to disregard the distinction between Aramark Corp. and Aramark Entertainment. The latter was not a party when Stenta filed the stipulation of dismissal. Viera strongly suggests that the Connecticut Supreme Court also would decline Aramark Entertainment's invitation because the court narrowly construed the statutes at issue. The court reasoned that there was a purpose behind the selection of specific words in the statutes. It is also reasonable to conclude that there was a purpose behind the formation of Aramark Corp. and Aramark Entertainment as legally distinct entities.

Live Nation properly sought apportionment against Aramark Entertainment. The "motion to strike" is denied.

**II. Live Nation's Motion to Disqualify**

Live Nation moves to disqualify Aramark Entertainment's counsel, now known as Behman Hambelton, LLP ("Behman"), on the ground that Behman represented both Live Nation and Aramark Entertainment in a similar case in this district, <u>Jones v. Live Nation</u>, Docket No. 3:09-cv-585 (RNC). The <u>Jones</u> case settled after Live Nation filed its motion to disqualify. Live Nation explains that Behman possesses privileged information about Live Nation's relationship with Aramark Entertainment and has represented one of Live Nation's employees in a deposition in the <u>Jones</u> case. After Aramark Entertainment took an adversarial position against Live Nation by filing a "motion to strike" in this case, Live Nation notified Behman that a conflict existed and that Live Nation would not waive it. Behman disagreed and refused to withdraw from its representation of Aramark Entertainment in this case.

Connecticut Rule of Professional Conduct 1.9(a) provides that a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." <u>See also</u> <u>Nordwind v. Rowland</u>, 584 F.3d 420, 435 (2d Cir. 2009) (explaining that disqualification may be warranted if there is substantial relationship between subject matter of prior representation and issues in present case, and attorney had access to relevant privileged information in prior matter).

By opposing the apportionment complaint, Aramark Entertainment indicated that

it was directly adverse to Live Nation in this case. Because Live Nation was a client of Behman in the Jones case, Behman cannot represent Aramark Entertainment in its adversarial position against Live Nation in this case. The issues in this case are substantially related to the subject matter of Jones, Behman had access to privileged information in Jones, and Live Nation has refused to consent to Behman's participation in this case.

Aramark Entertainment suggests that it would not oppose Live Nation after the denial of the "motion to strike," but that suggestion is insufficient. Aramark Entertainment also contends that Live Nation is responsible for the conflict because it sought apportionment. However, Live Nation points out that Aramark Entertainment hired Behman in both this case and the Jones case. In Jones, Live Nation tendered the defense of the claims against it to Aramark Entertainment. Responsibility for the conflict in this case is therefore not attributable to Live Nation.

Behman is disqualified from representing Aramark Entertainment in this case.

## CONCLUSION

Aramark Entertainment's "motion to strike" (Doc. #40) is DENIED. Live Nation's motion to disqualify (Doc. #43) is GRANTED. Aramark Entertainment shall obtain new counsel within 60 days.

Dated at Bridgeport, Connecticut, this 1st day of August, 2011.

                                                      /s/
                                        Warren W. Eginton
                                        Senior United States District Judge